### FRANKS et ux. v. BROWN.
### No. 8794.

Court of Civil Appeals of Texas. San Antonio.
Oct. 28, 1931.

Rehearing Denied Dec. 9, 1931.

614

Coke R. Stevenson, of Junction, T. A. Williams, of Rocksprings, and Morriss & Morriss, of San Antonio, for appellants.

M. E. Blackburn, of Junction, C. H. Gilmer, of Rocksprings, and Jones & Lyles, of Del Rio, for appellee.

SMITH, J.

This is an appeal from an order granting a temporary injunction, issued at the instance of Della B. Brown, appellee, restraining Nannie B. Franks and husband, H. G. Franks, appellants, from further alleged slanderous attacks upon the character of appellee, from further attempting to alienate the affections of her husband from appellee, and from interfering with appellee's occupancy of her homestead. The order·was granted in chambers, upon appellee's application without a hearing and without notice to appellants, and was made returnable to the February, 1932, term of court.

It is contended by appellants that the injunction was improvidently granted upon allegations which amounted to no more than mere conclusions of the pleader; which did not negative the existence of rights in appellants which warranted their conduct in the matters complained of; which failed to show any pressing necessity for the extraordinary relief prayed for and granted.

It appears from her allegations that appellee was married to V. A. Brown four years ago, but that the latter has brought suit for a divorce from her, which suit is still pending; that she resides in the homestead of Brown and herself, and has a legal right to so reside therein; that Nannie B. Franks is Brown's daughter by a former marriage, but that she "has deliberately set about to endeavor to alienate the affections of her (appellee's) said husband and to prejudice her in the mind of her said husband and has by a process of slander and untrue statements used all means at her command to estrange and bring about a separation between plaintiff and her husband and to this end she had made and published false and slanderous statements to the effect that plaintiff has maintained improper, indecent and unladylike relations with a man named Dismukes and has charged and represented to plaintiff's said husband that plaintiff has mistreated her and refused to permit her, the daughter of the said V. A. Brown, to enter the home of the·said V. A. Brown and as result of such false and slanderous statements the said V. A. Brown has separated from this plaintiff but that plaintiff has at all times remained in and occupied the afore-said homestead as she has a legal right to do. That since said separation the said Nannie B. Franks has begun and consistently carried on a relentless course of slander and persecution towards this plaintiff and has used all means at her command to persecute and make life intolerable for this plaintiff, and on August the 19th, 1931, plaintiff left her said home temporarily for the purpose of going to the Post Office to procure her mail and during the short period of her absence the defendant Nannie Franks and H. G. Franks, her husband, entered into the home of this plaintiff in utter violation of the rights of this plaintiff and the privacy and sanctity of her home and took possession thereof to the exclusion of rights of this plaintiff and set about to drive this plaintiff from the only home and place of abode available to her and upon her return thereto refused to permit plaintiff to enter her said home and in utter violation of her legal rights locked the door of her home upon her, leaving her out of doors with no place to go."

We are of the opinion that the allegations are sufficient to warrant the trial judge, in his discretion, to grant the relief prayed for. It is true that such relief will not be granted upon mere conclusions of a pleader, in the absence of allegations of specific facts warranting such conclusions. But we think the allegations in question sufficiently meet that test. Specific facts are alleged to show that appellee and her husband have a community homestead, in which appellee resides, and these allegations were sufficient to invoke the protection of our beneficent homestead law, and to support appellee's conclusion that she had a "legal right" to occupy her home to the exclusion of appellants or any other strangers. The allegation that appellants took advantage of appellee's momentary absence to invade her home and exclude her therefrom showed an imperative and immediate necessity for the intervention of a court of equity to protect her in her homestead rights, while the allegation of appellants' insolvency was sufficient to show the absence of adequate remedies at law.

The allegations concerning slander and alienation of affections were sufficiently specific to meet appellants' charge that such allegations were too general, and amounted to mere conclusions. The alleged slanderous statements were specified, and the acts and words tending to alienate the affections of appellee's husband were specifically set out.

Appellants complain that the injunction is particularly injurious to them because the matter is returnable at so late a day, in February, 1932. But there is no merit in this complaint, since a motion to dissolve is at all times available to appellants.

The judgment is affirmed.